### GOODMAN and others *against* RUSS and others.

*A,* having devised her real estate to *B,* her son, and her three other children, to be equally divided between them, and to the heirs of their bodies forever, died on the 6th of *August,* 1826. These devisees, being without issue, soon afterwards mutually agreed, that the will of *A* should not be offered for probate; and they accordingly retained it in their possession. All the devisees became of full age before the 1st of *October,* 1835. Within ten years after the death of *A, viz.* on the 15th of *July,* 1836, *B* had issue of his body born, named *C. B* died on the 2nd of *July,* 1839; and on the 19th of *May,* 1841, *C* offered the will of *A* for probate; to which certain *bona fide* creditors of *B* and purchasers from him, without knowledge of the will, objected, on the ground that the probate of it was barred by the statute of limitations. Held, 1. that the bar of the statute was perfected against all the immediate devisees, while they were of full age, and before any heir in tail became interested in the estate; 2. that no person is within the saving of the statute, except a minor, who has a vested interest in the estate, at the death of the testator; 3. that *C,* the heir in tail, must take by descent from *B,* her father, and not by purchase from *A,* the testatrix; 4. that the entire right of *B* being barred, *C* could take nothing from him by descent, and consequently, *C* was not interested in the estate, and was not entitled to prove the will; 5. that the suppression of the will, by *B* and the other devisees, did not preclude *bona fide* creditors and purchasers, though claiming under *B,* from interposing the protection of the statute.

THIS was an appeal from a decree of the court of probate for the district of *Hartford*, approving the will of *Sally Russ*, deceased.

That part of the will, which is material in the present case, is as follows: "I give, bequeath and devise all the real estate, of every kind and nature, of which I may die possessed, to my four children, *viz. Mary D. Russ, John D. Russ, Charles J. Russ* and *Cornelia Russ*, to be equally divided between them, and to be to them, and the heirs of their bodies, forever."

The testatrix died at *Hartford*, on the 6th of *August*, 1826, leaving, as her only heirs at law, her four children named in her will, neither of whom, at this time, had any issue. *Mary D.* was born in *August*, 1807, was married to *Silas E. Burrows*, in *May*, 1834, and died on the 23rd of *March*, 1841, leaving three children, as her only heirs at law, *viz. Mary R. Burrows, John R. Burrows* and *William H. Burrows*, who are still living, being minors. *John D. Russ* was born on the 25th day of *June*, 1810, and died on the 2nd of *July*, 1839, leaving his wife *Harriet Russ*, and two children, *viz. Harriet B.*, born the 15th of *July*, 1836, and *Joanna E.* born the 9th of *March*, 1839, his only heirs at law, all of whom are still living. *Charles J. Russ*, was born the 9th of *June*, 1812; and *Cornelia Russ*, the 30th of *September*, 1814; each of whom is still living and without issue.

The will in question was first proved and established, by a decree of the court of probate, on the 19th of *May*, 1841. From the death of the testatrix to that time, it had been in the possession of her children, who, shortly after her death, mutually agreed, that it should not be offered for probate. And inasmuch as the will was not proved, nor offered for probate, within the term of ten years next after the death of the testatrix, nor within the term of three years after all the persons interested therein, or in the estate thereby devised, had become of full age, the appellants claimed that it ought not to have been allowed to be proved.

The will was offered for probate, by *Harriet Russ*, guardian of *Harriet B.* and *Joanna E.*, children and heirs of the body of *John D. Russ*. These are the appellees.

The appellants are *Edward Goodman*, administrator *cum testamento annexo* of the estate of *John D. Russ*, being interested in the decree in behalf of creditors of said estate, whose

*Hartford,*
*June, 1841.*

———

Goodman
*v.*
Russ.

claims the personal assets would not satisfy; *John Butler,* being interested, by reason of his having, after the death of the testatrix, purchased, for a valuable consideration, from *John D. Russ,* a part of the real estate devised ; and *Sanford B. Grant,* being interested, by reason of his having taken from *John D. Russ* a mortgage of part of the real estate devised, as security for a debt justly due from him, and which had, since his death, been allowed, by the commissioners on his estate, and was still unpaid. Neither *Butler* nor *Grant* had any knowledge of the will, when the purchase of the former was made, and the security of the latter was taken.

These facts regarding the interest of the appellants were admitted, by the appellees, if proof of them was admissible ; which was denied. The case was reserved for the advice of this court as to what judgment ought to be rendered upon the appeal.

*Hungerford* and *F. Parsons,* for the appellants, contended, 1. That the disability contemplated by the proviso of the statute is a disability existing at the time of the testator's death. This is the *terminus a quo* the statute commences its operation. *Stat.* 209. *tit.* 32. *c.* 1. *s.* 39. *Eager* & ux. v *The Commonwealth* & al. 4 *Mass. Rep.* 182. *Inman* v. *Barnes,* 2 *Gall.* 215. *Dow* v. *Warner,* 6 *Mass. Rep.* 328. *Lloyd* v. *Vaughan,* 2 *Stra.* 1257. The legislature intended to bar the rights of all persons within the time specified by the statute, with the single exception of minors interested in the will, at the testator's death; because all persons are embraced in the body of the act, and none are exempted by the proviso, but such minors. *Inman* v. *Barnes,* ubi sup.

2. That the statute having begun to run, continues to run, notwithstanding any intervening disability. *Peck* v. *Randall,* 1 *Johns. Rep.* 165. *Demarest* v. *Wynkoop,* 3 *Johns. Ch. Rep.* 136. *Mooers* v. *White,* 6 *Johns. Ch. Rep.* 372. *Hudson* v. *Hudson,* 6 *Munf.* 352. *Fayroux* v. *Prather,* 1 *N. & M. Ch. Rep.* 296. *Floyd* v. *Jackson,* 2 *Litt.* 112. *Doe* v. *Barksdale, Brock.* 436. *Sug. Vend.* 352. (8th ed.) *Doe d. Duroure* v. *Jones,* 4 *Term Rep.* 300. *Perry* & al. v. *Jackson* & al. 4 *Term Rep.* 516. *Doe* d. *George* & ux. v. *Jesson,* 6 *East* 78. *Cotterell* v. *Dutton,* 4 *Taun.* 826. *Griswold* v. *Butler* & ux. 3 *Conn. Rep.* 227. *Rogers* v. *Hillhouse,* 3

*Conn. Rep.* 398. *Bunce* v. *Wolcott,* 2 *Conn. Rep.* 27.

3. That the statute here operates *ex proprio vigore,* and not by analogy, and courts of chancery are equally bound by it, as courts of law. *Hovedon* v. Lord *Annesley,* 2 *Sch. & Lef.* 630. *Farnham's* admr. v. *Brooks,* 9 *Pick.* 212. *Bank of the United States* v. *Danville,* 12 *Peters* 32. *Thomas* v. *Floyd,* 3 *Litt.* 177. *Hamilton* v. *Shepperd's* admr. 3 *Murphy* 115.

4. That the statute is as applicable to wills containing devises of real estate in tail as others, and may as well run against the first donee in tail as any body else. *Dow* v. *Warner,* 6 *Mass. Rep.* 328. *Inman* v. *Barnes,* 2 *Gall.* 319.

5. That there was no fraud on the part of *John D. Russ,* in suppressing, or attempting to suppress, this will; as all then interested knew of its existence, and agreed not to offer it for probate. At any rate, there was no fraud on the part of these appellants. Nor allowing that *John D. Russ* would have been precluded from availing himself of the statute of limitations, does it follow that the appellants are.

*W. W. Ellsworth,* for the appellees, after remarking, that the object of the statute is to prevent unnecessary delay, not to take property from those who cannot exercise diligence, contended, 1. That to bring themselves within the proviso of the statute, the appellees had only to make out, that *Harriet B. Russ* is *interested* in the estate, and is a *minor.* Certainly, it need not be shown, that she was living at the death of her grand-mother, *Sally Russ ;* because the statute says no such thing ; and if *John D. Russ* had lived only five years, this child, had she been born, would have been entitled to prove the will, not only at any time before the ten years expired, but at any time within three years after she became of full age. Her infancy is excluded from the time of computation, like absence from the state, in book-debt and some other actions. The intent is to give ten years, no part of which is covered by infancy. The same rule holds, whether a child has, within ten years of the testator's death, become interested in the estate, by inheritance, or by executory devise, or the happening of the event on which a contingent remainder has been suspended.

2. That there is no common law principle, that when a statute of limitation begins to run, it continues. This rule has

grown out of, and is confined to, certain statutes, which make no exceptions besides a disability existing at the time of the accruing of the title ; and it stops, in many cases, because of absence ; and so here, because of infancy.

3. That *Harriet B. Russ* was interested in this estate, before the expiration of the ten years from the death of *Sally Russ.* In the first place, might she not, immediately upon her birth, have caused this will to be proved, even against her father's will ? Had she not an interest of her own, traced through her father, but held in defiance of him ? If she had a right then, she now stands where she did then ; for the years of infancy are to be blotted out. The degree and character of her interest are not important. The least interest, a bare possibility, is sufficient. Secondly, she so stood as that, at any moment, if she survived her father, she succeeded, in spite of him, to the estate. He could not convey it, or devise it ; but his daughter takes it absolutely, upon her surviving him. In *Connecticut*, the first donee in tail has, virtually, only a life estate, without impeachment of waste ; and the remainder belongs to the heirs. Upon the death of *Sally Russ,* her grand-children then unborn, under her will, may be considered as having an interest in the estate. Upon their birth, it becomes a more definite interest. Upon the death of their father, it becomes perfect and complete. It is, however, enough for the appellees to maintain, that by the possibility of a person's taking land, where the will of a testator may become a link in the title, conferring upon, or securing to, the individual this possibility, he may, in his own independent right, prove the will.

4. That neither *John D. Russ,* nor any of the children of *Sally Russ,* can set up this statute ; the objection being founded in their own wrong. Could he suppress this will, and conceal it from the knowledge of his children, of whom he was the guardian, adviser and controuler ? Nor can his creditors stand on higher ground. They take no more than he had to give ; and no policy puts them on better ground. The appellees have done nothing to deceive them. Besides, the appellees are creditors to their father, in the highest sense, if they are to be stripped of this land. Fraud stops a plea of the statute of limitations, both in law and equity. 1 *Sto. Eq.* 257, 8, 9. 3 *Mass. Rep.* 207. 5 *Mason* 103. *Sherwood* v. *Sut-*

*ton,* 5 *Mason* 143. 147. & seq.   [The counsel then proceeded to examine the cases cited, and to reply to the arguments adduced, on the other side.]

SHERMAN, J.   By the 39th section of the act for the settlement of estates, it is enacted as follows: "Administration shall not be granted upon the estate of any deceased person, after the expiration of seven years from his death.   No will shall be allowed to be proved, by any court of probate, after the expiration of ten years from the death of the testator; provided that where any minor is interested in the estate, three years shall be allowed after his arrival to full age, to take out administration thereon, or to prove and allow the will; and provided, that the times in this section for the purposes aforesaid, shall, in no case, begin to run at, or be computed from, any time prior to the first day of *June,* one thousand eight hundred and twenty one."

It is admitted in this case, that *Sally Russ,* the testatrix, died on the 6th day of *August,* 1826, and that the will was not offered for probate until the 19th day of *May,* 1841, more than ten years afterwards; and could not, therefore, be lawfully allowed to be proved, unless by virtue of the first proviso, which allows to any minor, who is interested in the estate, three years after his arrival at full age to prove the will.

By this will the estate is devised to *Mary D. Russ, John D. Russ, Charles J. Russ,* and *Cornelia Russ,* children of the testatrix, to be equally divided between them, and to be to them, and the heirs of their bodies, forever.

All these devisees were minors at the death of the testatrix. *Mary D. Russ,* who died in 1841, was born in 1807, and had attained twenty-one years of age more than three years before her marriage with Mr. *Burrows,* in 1834.   *John D. Russ,* who was born in 1810 and died in 1839, was of the age of twenty-one, more than three years before his decease.   *Cornelia Russ,* the youngest of the devisees, was born the 30th of *September,* 1814; so that both the survivors became twenty-one, more than three years before the probate of the will, and more than three years before the first descent was cast, by the death of *John D. Russ,* in 1839.   The bar was perfected, therefore, against all these devisees, while they were of full age and under no disability, and before any heir in tail became interested in the estate.

It is said, however, that as the estate was limited in tail to the heirs of the bodies of the devisees, the children of *John D. Russ* and Mrs. *Burrows*, who stand in that relation and are minors, are within the proviso. In the case of a fee-simple, it would not be contended, that, if the ancestor was barred, the right which he had lost could still descend from him to his heirs. But there is no difference, in this respect, between limitations in fee and in tail. In each, the whole is vested in the ancestor, and nothing in the heir. The ancestor, indeed, in this state, cannot, by any conveyance, so divest himself of his own title, as to defeat the inheritance; but if the law has barred his entire right to the estate, his heirs can claim nothing from him by descent, for there is nothing to descend. The children, in this case, must claim by descent from their immediate ancestor, and not by purchase from the testatrix. They are heirs, not remainder-men. The word "heirs" is as really a word of descent and not of purchase, in a deed or will conferring an estate tail, as in the ordinary limitation of a fee-simple. The heirs, unless the estate *vested* in their ancestor, have nothing, and can claim nothing. This will, when the right of the devisees to prove it was barred, was as ineffectual as if it had never been lawfully executed. The law could take no cognizance of it. When a devisee in tail is barred of the estate tail at common law, *his* heirs are as effectually barred, as if it were a fee-simple. We should, therefore, without looking further into the case, be clearly of opinion, that the children of *John D. Russ* and Mrs. *Burrows* could not be let in to prove the will, under the proviso in the statute, because their ancestors were wholly barred of the estate previous to their deaths, and left no inheritance to these children. They *never* had an *interest* in the estate.

But the statute has made no provision for the proof of a will after the time limited, except where " a minor *is* interested in the estate." This must refer to some particular period. The only *terminus a quo* mentioned, is that of the decease of the testator. If, at that time, a minor is interested, he is within the saving of the statute. It is immaterial whether his title, on the death of the testator, vests in possession, or in interest only. A remote remainder-man, who has any vested interest, would, if a minor, be within the proviso. There are also interests which are not vested, but contingent only, and still are

susceptible of present alienation, by will or otherwise.  *Roe* v. *Griffiths*, 1 *W. Bla. Rep.* 605.  *Roe* v. *Jones* & al. 1 *Hen. Bla.* 30.  *Moor* v. *Hawkins, cited* 1 *H. Bla.* 34.  *Jones* & al. v. *Roe,* 3 *Term Rep.* 88. in error.  *Selwin* v. *Selwin,* 2 *Burr.* 1131. S. C. 1 *Hen. Bla. Rep.* 222.  The statute of wills, 32 *Hen.* 8. enables persons having any manors, lands, &c., to devise them, which, says lord *Kenyon,* (3 *Term Rep.* 94.) must mean *having an interest* in the lands ; and he approves the opinion of *Willes,* Ch. J. cited by *Norton,* 1 *W. Bla. Rep.* 225. " that executory devises are not naked possibilities, but are in the nature of contingent remainders ; and there is no doubt that such estates are transmissible, and consequently devisable."  But whether they are such as would bring a minor within this proviso, it is not necessary to decide ; as it is certain, that the expectancies of heirs, before the death of the ancestor, are neither transmissible nor devisable.  They have no interest whatever, vested or contingent ; and any alienation which these heirs might then have made, had they been of age and legally capable, would have been utterly void.

To what extent the rights of individuals should be barred, in order to secure the repose intended by the act, was for the legislature to decide.  This court cannot review and correct their enactments.  They must be executed according to their plain language and intent.  If the latitude of construction contended for, in this case, were to be adopted, a will might lie dormant for above seventy years, during the life of the devisee in tail ; and even then, on his death, some infant heir of his body might defer the probate for upwards of twenty more, to the destruction of all intermediate titles acquired for near a century, under the confidence that the estate was intestate. The wise policy of our law, requiring, as it does with great anxiety, that titles to real estate shall, as far as possible, appear of record, would seem to be peculiarly opposed to such a construction.  We think it unwarranted by the language of the act, and opposed to its intention.

It has been further contended, in support of the probate of the will, that even if the case were within the statute of limitations, yet, as it is admitted, that the will, upon the decease of the testatrix, came into the hands of the devisees, and by their mutual agreement was withheld from probate, such act is a fraud on the appellees, and the devisees ought not to be per-

Goodman
*v.*
Russ.

mitted to avail themselves of their own wrong to convert a fee-tail into a fee-simple, to the injury of those to whom the inheritance was limited.

If the only persons interested in the establishment of this will were the surviving devisees, on the one hand, and the heirs in tail on the other, this would certainly merit great consideration. But the appellants are *bona fide* creditors or purchasers, and are not charged with any knowledge whatever of the existence or concealment of the will. They have committed no wrong, of which they attempt to take advantage, by availing themselves of the legal objection here interposed, but are of the very class of persons whose rights the act was principally intended to protect. They claim, indeed, under *John D. Russ*, the father of the appellees; but they claim for valuable consideration, under a title apparently perfect. If such claimants were not protected by the act, it would be difficult to conceive its utility.

This court has no power but to affirm or disaffirm the probate of the will. To do the former would be a violation of the statute. How far a case might be made, which would induce a court of equity to decree a settlement of that part of the entailed property in which no honest creditors or purchasers have an interest, which should place the heirs in tail on as good ground, in regard to that portion of the estate, as they would have been, had the will been duly proved, by the devisees, it is not competent for us to decide ; but for the reasons assigned, we unanimously advise the superior court, that the judgment of the court of probate be reversed.

In this opinion the other Judges concurred.

Decree of probate disaffirmed.